IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
LESLIE RILEY #B-14461, )
)
             Petitioner, )
)
  v. )   No.  06 C 6827
)
ILLINOIS DEPARTMENT OF CORRECTIONS )
PRISONER REVIEW BOARD,[1] )
)
             Respondent. )

MEMORANDUM ORDER

Leslie Riley ("Riley") has just submitted a 28 U.S.C. §2254 ("Section 2254") Petition for Writ of Habeas Corpus ("Petition"), challenging his February 24, 2006 conviction on his plea of guilty to a charge of possession of a controlled substance. Riley has accompanied his Petition with an In Forma Pauperis Application ("Application") without having attached a printout of transactions in his trust fund account at Big Muddy River Correctional Center ("Big Muddy," where he is in custody). This memorandum order addresses both the Petition and the Application.

As for the Application, Riley is obviously unaware that the only fee required for a federal habeas petition is the modest sum of $5. Because it is difficult to believe that he lacks access to such a small amount (something that is unclear from the Application), the Application is denied, with the officials at

---

[1] Although the wrong respondent has been named here, no correction will be called for here, because this action is being dismissed now in any event.

Big Muddy being ordered to remit the sum of $5 directly to the following address (identifying the payment with Riley's name and this Case No. 06 C 6827) as soon as the funds in the trust fund account are adequate for that purpose:

>Clerk, United States District Court
>219 South Dearborn Street - 20th Floor
>Chicago IL 60604
>
>Attention: Fiscal Department

As for the Petition itself, Riley has admittedly failed to go to the state court system (as he must) before he can turn to the federal courts for relief.[2] Under Section 2254(b)(1)(A) federal habeas relief cannot be granted unless "the applicant has exhausted the remedies available in the courts of the State," and Riley has not done so. Accordingly both the Petition and this action are dismissed, although such dismissal is without prejudice to the possible reassertion of Riley's claims as and when he satisfies the statutory preconditions to suit.[3]

_____
Milton I. Shadur
Senior United States District Judge

Date: December 14, 2006

---

[2] Even if that failure had not been plainly stated in the Petition, the very fact that Riley's guilty plea and conviction occurred during this calendar year would have tipped off that delinquency.

[3] Although Section 2254(b)(2) permits a federal court to deny a petition on the merits even though the applicant has not exhausted available state remedies, this Court will not exercise that option.